Turney, J.,
delivered the opinion of the Court.
An action of replevin was commenced and prosecuted by defendant in error, against the plaintiff in error, for *292 the recovery of a dun colored or clay-bank mare. The declaration is in the form prescribed by the Code, to which there is a plea of not guilty.
A trial was had, verdict and judgment for defendant in error, and an appeal to this Court.
The substantial facts are, that Buckner having gone into Kentucky during the war, his wife placed the mare in the possession of Stephen Franklin, (colored,) as he states, “to try to keep her from being taken by the soldiers.” “A man by the name of Philips, a corn agent in the rebel army, proposed to trade for her or swap for her; witness refused. He kept after the witness for a swap for a week or more, and finally told witness he had as well trade as they would take her any how. Witness became alarmed for fear he would lose her, and after reflection, concluded the best he could do was to make the swap. Witness then went to Mr. John Shut-zer and told him to make the trade for him, and he did so. He swapped for another mare, got fifty dollars in Confederate money, &c.”
The gray mare, swapped for, was kept by witness for some time, when plaintiff’s wife being in need of a horse to go to mill, came and got her and took her home, and kept her, and when the plaintiff came home he retained her in possession, and has been using her ever since, and still has her. She is worth as much or more as the mare the plaintiff lost. John Shutzer proves: “The plaintiff, since he came home, has been using and keeping said mare as his own property and still has her.”
M. J. Mimms proves: “The mare in controversy *293 was given to plaintiff in error by ber brother; that she had no knowledge where the mare came from.”
The counsel for plaintiff in error asked his Honor, the Circuit Judge, to charge the jury: “That if the plaintiff accepted the gray mare with a full knowledge of the facts, and kept and used her and refused to give her up, that this would be a ratification of the contract.”
The court refused, but charged the jury in general terms: “If after a contract is made which is absolutely void, yet if the party ratifies such a contract it becomes binding upon him and he could not recover. So in this case, if the plaintiff ratified the contract made by Stephen, he would be bound by such ratification, although you may be convinced from the proof that the contract was originally void.”
This was error. The refusal of his Honor to charge as requested, without notice of the matter of request in his charge, was calculated to mislead the jury as to what was required to constitute a ratification of the acts of an agent, and to impress them with the conviction that ratification could only be in express terms, and could not be implied from circumstances.
The term ratification has a legal signification which it was the duty of the Court to have explained to the jury. He should have charged the jury, that if Buckner, knowing the facts, received the property, that is, the gray mare swapped for by Stephen, and applied her to his own use, such receipt and application would be a ratification of the act of Stephen.
*294 Ratification is an agreement to adopt an act performed by another for us, and is either express, or implied from the acts of the principal. Bouv. Law. Diet.
Where any one contracts as agent without naming a principal, his acts inure to the benefit of the party, although at the time uncertain or unknown, for whom it shall turn out he intended to act,' provided the party thus entitled to be principal ratify the contract. And generally, if the principal receive and hold the proceeds or beneficial results of the contract, he will be estopped from denying an original authority or a ratification.
And if a party does not disavow the acts of his agent as soon as he can after they come to his knowledge, he makes these acts his own. 1 Par. on Contr., 49, 50; 6 Cold., 203.
“The decision of this question being conclusive of the case in this court, we deem it unnecessary to notice other questions made in argument.
Judgment reversed and cause remanded.